UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
YAOHUA DENG,

                          Plaintiff,            **MEMORANDUM & ORDER**
                - against -                    04 Civ. 4536 (DRH) (MLO)

ARAMARK EDUCATION GROUP, INC.;
CHARTWELLS COMPANY; and MR.
DENNIS LESTRANGE,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**APPEARANCES:**

**YAOHUA DENG**
Plaintiff Pro Se
122 Quaker Path Stony Brook, NY 11790

**BRYAN CAVE**
Attorney for Defendant
1290 Avenue of the Americas
New York, New York 10104-3300
By: Steven M. Stimell, Esq.

**HURLEY, District Judge**:

## INTRODUCTION

Plaintiff Yaohua Deng ("Plaintiff") filed a lawsuit on January 18, 2000, entitled *Yaohua Deng v. Aramark Education Group, Inc.*, 00 CIV. 354 ("*Deng I*"), alleging age and national origin discrimination against Defendant Aramark Educational Group ("Aramark"). In a Memorandum and Order dated September 22, 2004 ("Sept. 22 Order"), this Court granted Defendant's motion for summary judgment and the case was closed.

One month later, on October 21, 2004, Plaintiff filed the present lawsuit against Defendants Aramark, Chartwells Company ("Chartwells"), and Dennis Lestrange ("Lestrange")

alleging race, age, and national origin discrimination pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(e) ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* ("ADEA"), and New York Human Rights Law, § 296. Plaintiff's factual allegations are essentially the same as those posed in his prior suit. Defendants now move to dismiss. For the reasons set forth herein, Defendants' motions are GRANTED.

## BACKGROUND

The following summary of facts is drawn from the complaint and this Court's Sept. 22 Order in *Deng I*. Plaintiff is a naturalized citizen of the United States, born in China, now residing in Stony Brook, New York, and at all times relevant to this action was over 55 years of age. Defendant Aramark is a corporation with its principal place of business in Philadelphia. Defendant Chartwells is a corporation with its principal place of business in Charlotte, North Carolina. Defendant LeStrange is the Resident Director for Defendant Chartwells on the campus of the State University of New York at Stony Brook ("the University").

From 1991 to 1998, Plaintiff was employed by Defendant Aramark, at the dining halls of the University. When Aramark first obtained the contract to service the University, Plaintiff was employed in the dining halls as a union dishwasher at a wage of $6 per hour. According to Plaintiff, in January 1992, Aramark, without notice, reclassified him as a "student" employee, even though he was never a student at the University. Plaintiff continued to work as a dishwasher until September 1993, when he began to receive assignments as a cook, albeit at the same wage he was earning as a dishwasher.

He was a cook, receiving small wage increases, until November 1996, when he returned to dishwashing. On February 6, 1997, Plaintiff learned that his wage had been cut from $7.50 per

hour to $6.50 per hour. Plaintiff was allegedly told that the reduction was necessary because his classification as a "student" in 1993 excluded him from the terms of the union contract, and that his reappointment to the union dishwasher position required him to begin at the bottom of the pay scale again. In addition, Plaintiff contends that he was routinely denied overtime pay, did not receive raises or pay comparable to that of other employees in the same position, and was denied sick leave, vacation time, and other benefits to which he was entitled.

During the period from September 1993 to November 1996, Plaintiff was employed as a cook at the Chinese food station in the Kelly Cafeteria at Stony Brook. Pursuant to the collective bargaining agreement in place at that time, cooks were not members of the union. In November 1996, the Kelly Cafeteria was renovated and the Chinese food station where Plaintiff worked was closed. Plaintiff then began working as a dishwasher. Plaintiff's status as a dishwasher required him to become a union member. Because Plaintiff switched from a non-union position as a cook to a union position as a dishwasher, he was classified as a new employee under the union's collective bargaining agreement ("CBA"). Plaintiff was paid according to the CBA pay schedule in effect at that time. According to Dennis LeStrange, Plaintiff's manager, Plaintiff's decrease in pay was attributable to his switch in position from a cook to a dishwasher.

On January 4, 1999, the Plaintiff wrote to the United States Department of Justice, complaining about the treatment he received from Aramark. The Department of Justice forwarded his letter to the Equal Employment Opportunity Commission ("EEOC"), who treated the correspondence as a charge of discrimination filed on January 4, 1999. On October 8, 1999, the EEOC wrote to the Plaintiff, explaining that the acts he complained of were outside the 300-day statute of limitations period preceding his charge, and issued him a "right-to-sue" letter.

Plaintiff then commenced his initial action by filing an employment discrimination complaint, alleging violations of Title VII and the ADEA. According to the complaint, Plaintiff alleged that Aramark discriminated against him on the basis of his age and his national origin. In his statement of facts, Plaintiff extensively recounted his employment history, focusing primarily on disparities in his wages.

In 2001, Aramark moved to dismiss Plaintiff's complaint. By order dated February 11, 2002, the Court dismissed Plaintiff's age discrimination claim, finding that Plaintiff had failed to state a claim. Plaintiff's national origin discrimination claim survived, but Defendant Aramark was ultimately granted summary judgment as to that claim on September 22, 2004.

In July 2004, while *Deng I* was still pending, Plaintiff filed another charge of discrimination with the EEOC. He set forth the same facts as in his prior charge, but alleged that the new charge was based upon evidence discovered in October and November 2003. The EEOC dismissed the second charge as untimely. Nearly four months later, and just one month after *Deng I* was closed, Plaintiff commenced the present lawsuit. The factual allegations in the present suit trace those of the first.

## DISCUSSION

Defendants Aramark, Chartwells, and LeStrange all move to dismiss the present complaint. Because Aramark was a defendant in *Deng I*, the grounds for its motion are factually and procedurally distinct from those of Defendants Chartwells and LeStrange. The Court considers each of their arguments in turn.

## I. Aramark's Motion to Dismiss

Aramark moves to dismiss the complaint on the basis of (1) *res judicata*; (2) collateral estoppel; and (3) the fact that the claims are time-barred. Because the Court finds that Plaintiff's claims are precluded by the doctrine of *res judicata*, it does not consider collateral estoppel or whether the claims are time-barred.

*Res judicata* is a proper basis for dismissal under Rule 12(b)(6). *See Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) ("Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)."); *see also Southard v. Southard*, 305 F.2d 730, 732 n.1 (2d Cir. 1962) (noting that a claim of res judicata is properly raised on a motion under Rule 12(b)(6)). In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *See Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in its favor. *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

The defense of *res judicata* may be upheld on a Rule 12(b)(6) motion without requiring an answer "where all the relevant facts are shown by the court's own records." *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992). "Moreover, this Court may take judicial notice of the relevant pleadings, orders and judgments in the prior action without converting Plaintiff['s] motion to one for summary judgment." *Marchon Eyewear, Inc. v. Tura LP*, No. 98-CV-1932 (SJ), 1999 WL 184107, *2 (E.D.N.Y. March 28, 1999). Dismissal under Rule 12(b)(6) is appropriate only if it

appears beyond doubt that a plaintiff can prove no set of facts entitling it to relief in support of its claim. *See Zerilli-Edelglass v. N. Y. City Transit Auth.*, 333 F.3d 74, 79 (2d Cir. 2003). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation omitted).

The doctrine of *res judicata* bars a party from asserting claims that either (i) are duplicative of the claims between the parties that were previously decided on the merits, or (ii) claims that arise out of the same facts as claims between the same parties that were previously decided on the merits. *See N. Assur. Co. of Am. v. Square D. Co.,* 201 F.3d 84, 87 (2d Cir. 2000). "Whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata.*" *Berlitz Schools of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980). Thus, *res judicata* not only bars parties from relitigating the same cause of action, but also "prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised." *Murphy v. Gallagher*, 761 F.2d 878, 879 (2d Cir. 1985); *see also Perez v. Danbury Hosp.* 347 F.3d 419, 426 (2d Cir. 2003) ("*Res judicata* precludes parties from litigating issues that were or could have been raised in a prior proceeding.") (internal quotation marks and citations omitted); *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir.2000); *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87-88 (2d Cir. 1999).

To determine whether *res judicata* applies to preclude later litigation, a court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the

subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir.2001); *see also Fogel v. Secretary of Air Force*, 351 F. Supp. 2d 47, 50 (E.D.N.Y. 2005).

As to the first element, there was a final judgment on the merits in the first proceeding. A grant of summary judgment is a decision on the merits, *see Rodriguez by Rodriguez v. Abbott Labs.*, 151 F.R.D. 529, 532 (S.D.N.Y. 1993), as is a dismissal on the grounds that a claim is time-barred, *see PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896 (2d Cir. 1983) ("The longstanding rule in this Circuit . . . is that a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, unless it is specifically stated to be without prejudice."). This Court specifically held (1) that "Plaintiff's claims which occurred prior to March 10, 1998 are time-barred" (*See* Sept. 22 Order at 8), and (2) that "Plaintiff has failed to meet his burden of establishing a prima facie case of [national origin] employment discrimination" regarding the events that occurred between March 10, 1998 and June 1998, thereby granting Defendant Aramark's motion for summary judgment (*see id.* at 12). Thus, there was an adjudication of the merits of Plaintiff's claims in the prior suit.

As to the second factor, the previous action involved the same parties, *i.e.* Plaintiff and Aramark.

The third and final consideration is whether the claims asserted in the subsequent action were, or could have been, raised in the prior action. The Second Circuit applies a transactional analysis to determine whether there is sufficient identity of issues to justify the dismissal of the subsequent claim. *See Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38-39 (2d Cir. 1992). "Whether or not the first judgment will have preclusive effect depends in part on whether the

same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Id.* at 38. It is this identity of facts surrounding the occurrence that constitutes the cause of action, not the legal theory upon which the plaintiff chooses to frame his complaint. *See id.* at 39.

Plaintiff's claims in the present action are identical to those raised and decided in *Deng I*. In *Deng I*, Plaintiff alleged violations of Title VII and the ADEA, arguing that Defendant Aramark discriminated against him on the basis of his national origin and age. Plaintiff extensively recounted his employment history, focusing primarily on disparities in his wages. (*See Deng I*, Mem. & Order, dated Feb. 11, 2004 ("Feb. 11 Order") at 3.) Specifically, Plaintiff alleged that Aramark discriminated against him by: (1) changing his employment status from union to non-union in or about early 1992; (2) failing to pay him at a reasonably comparable rate to union employees and to provide him with other benefits from 1993 to 1995; (3) failing to pay him at a reasonably comparable rate to other cooks from 1993 to 1996; and (4) lowering his wage rate in February 1997. The claims relating to these factual allegations were dismissed by this Court as time-barred. (*See* Sept. 22 Order at 1-2, 8.)

The factual allegations in Plaintiff's present complaint are no different. Plaintiff admits as much when he writes, "In my prior complaint I presented this claim. However . . . such claim was dismissed by the Court . . . ." (*See* Compl., "Notice of Charge of Discrimination," at 6). Plaintiff then articulates that there is "newly discovered evidence" that he received from Aramark on "10/24/03 and 11/14/03," indicating that he had been fired and then re-hired without his knowledge. (*Id.* at 6.) What Plaintiff fails to mention, however, is that this "newly discovered evidence" was received in the course of discovery during *Deng I*, nearly a year before the Court

granted summary judgment. In fact, Plaintiff sought to add an unlawful discharge claim in his prior suit based upon the "newly discovered evidence" by a motion to amend. (*See* Stimell Aff., Ex. 5, Pl.'s Mot. to Am. at 4 ("[O]n 11/14/03 I received one page profile dated 9/21/21/96 . . . which indicates that I was newly hired as a full-time food service worker on 9/20/96.").) That motion was denied. (*See* Sept. 22 Order at 13.) Because it is precisely the same set of facts found inadequate in the prior suit, the Court's denial of the motion to amend is a final decision for *res judicata* purposes. *See United States v. McGann*, 951 F. Supp. 372, 382-83 (E.D.N.Y. 1997). As a result, the doctrine of *res judicata* precludes the unlawful discharge claim in the present suit.

As for Plaintiff's claims that Aramark applied a different seniority system to him and harassed and retaliated against him, those claims arise out of the same facts and allegations set forth in the *Deng I* Complaint. Plaintiff's assertion that he is the victim of a "continuing violation" was dismissed in the prior suit on the grounds that the Plaintiff had not been the victim of any adverse employment action by Aramark since March 1998 when Aramark ceased to be his employer. (*See* Sept. 22 Order at 13 n.3.) As such, Plaintiff's allegation of a "continuing violation" has already been decided and dismissed by this Court.

Ultimately, there is nothing substantively different about Plaintiff's complaint in the present case other than his reliance on new legal theories, *e.g.* his § 1981 claim. New legal theories do not amount to a new cause action so as to defeat *res judicata*. *See Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 638 (2d Cir. 1989); *see also In re Teltronics Services, Inc.*, 762 F.2d 185, 193 (2d Cir. 1985) ("New legal theories do not amount to a new cause of action so as to defeat the application of the principle of *res judicata*."). All of the

allegations that form the crux of Plaintiff's complaint were identical to the facts before the Court in *Deng I*. As such, the claims asserted in the present action were, or could have been, raised in the prior action and are precluded by *res judicata*. *See Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir.2001); *see also Fogel v. Secretary of Air Force*, 351 F. Supp. 2d 47, 50 (E.D.N.Y. 2005). Accordingly, the Court grants Defendant Aramark's motion to dismiss.

## II. Defendants Chartwells's and LeStrange's Motion to Dismiss

Defendants Chartwells and LeStrange move to dismiss the complaint on the basis of (1) collateral estoppel; (2) failure to state a claim; (3) the fact that the claims are time-barred; (4) the fact that individuals are not proper defendants under Title VII or the ADEA; and (5) Plaintiff's failure to exhaust his administrative remedies. Because the issue of collateral estoppel is dispositive, the Court does not consider the merits of the alternative theories for dismissal.

"The doctrine of collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action an issue that was clearly raised in a prior action and decided against that party." *Washington v. U.S. Tennis Ass'n, Inc.* 290 F. Supp. 2d 323, 326 (E.D.N.Y. 2003) (citation and internal quotation marks omitted). An issue is barred if "(1) the identical issue was raised in a previous proceeding; (2) the issue was 'actually litigated and decided' in the previous proceeding; (3) the party had a 'full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was 'necessary to support a valid and final judgment on the merits.'" *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir.1997); *see also Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003). Under non-mutual collateral estoppel, third parties unrelated to the original action can bar the litigant from relitigating the same issue in a subsequent suit. *See United States v. Utica*, 847 F.2d 42, 49 n.14 (2d Cir. 1988).

Defendants Chartwells and LeStrange have established each of the four elements. The charges against them–discrimination on the basis of race and age–are identical to those litigated in the first suit. These issues were "actually litigated and decided" in the previous proceeding, as evidenced by the Court's grant of summary judgment in the Sept. 22 Order. Plaintiff had a "full and fair opportunity" to litigate these issues, evidenced by the fact that Plaintiff engaged in full-discovery in the prior case with regard to the very facts alleged in the present suit. And, finally, the resolution of the issue was "necessary to support a valid and final judgment on the merits" in the prior case as any finding of discrimination would have prevented a finding of summary judgment in favor of Aramark in the first suit. Satisfying all of the elements of collateral estoppel, Plaintiff is precluded from raising these issues against Defendants Chartwells and LeStrange.

It also bears mentioning that Plaintiff admits that Defendant Chartwells committed no wrongdoing: "I do not charge Chartwells with its [*sic*] discriminatory practice against me in my current action." (Pl.'s Opp'n Mem. at 12.) Thus, there is no basis for any charges against it. As for Defendant LeStrange, it is well-settled that individual supervisors are not liable under Title VII. *See Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) (holding that "[i]ndividual supervisors are not subject to liability" under Title VII); *see also Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). Individuals are similarly not liable under the ADEA. *See Lennon v. NYC*, 392 F. Supp. 2d 630, 640 (S.D.N.Y. 2005); *see also Seils v. Rochester City Sch. Dist.*, 192 F. Supp. 2d 100, 123-24 (W.D.N.Y. 2002); *Parker v. Metro. Transp. Auth.*, 97 F. Supp. 2d 437, 452

(S.D.N.Y. 2000). As a result, even if Plaintiff's claims against Defendants Chartwells and LeStrange were not barred by collateral estoppel, they would warrant dismissal on other grounds.

## CONCLUSION

In sum, Plaintiff's claims against Defendant Aramark are barred by the doctrine of *res judicata* and his claims against Defendants Chartwells and LeStrange are barred by collateral estoppel. Accordingly, Defendants' motions to dismiss the complaint are GRANTED. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
       March 23, 2006                                    /s/
                                                 Denis R. Hurley,
                                                 United States District Judge